IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KENNETH AND LUE ANNE PEREZ,**

      **Plaintiffs,**

**vs.**                                                                                                     **No. CIV 05-0088 JP/DJS**

**NATIONAL ENTERPRISE SYSTEMS, INC.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Compel Defendant to Respond to Discovery **[Doc. No. 21 ]**, filed August 29, 2005. On September 27, 2005, Plaintiffs filed the Notice of Completion. Defendant did not respond to the motion. Plaintiffs bring this action pursuant to the Fair Debt Collection Practices Act (FDCPA) and the New Mexico Unfair Practices Act (UPA). Plaintiffs contends Defendant failed to adequately respond to the following discovery requests:

**Interrogatory No. 1** requests Defendant "identify all persons involved with Plaintiffs' account at National Enterprise Systems, Inc. (National) and state the substance of their activity on the account." Pls.' Br. in Supp. of Mot. to Compel at 2. Plaintiffs defined "identify" as "the person's full name, last known residence and telephone number, last known business address and telephone number, and the individual's title with National during the transaction that is the subject of this lawsuit." *Id.*

Defendant did not object to Interrogatory No. 1.  However, Defendant provided only the names of five individuals and indicated three still worked for National.  Plaintiffs contend Defendant should provide the requested information because it is highly relevant.  Additionally, Plaintiffs contend the substance of each individual's activity on Plaintiffs' account will determine who Plaintiffs will depose.

The Court agrees with Plaintiffs that the requested information is relevant.  Defendant shall provide the information requested by Plaintiffs.

**Interrogatory No. 2** requests information about any instructions from the creditor regarding collection and the date such instructions were received.  Defendant did not object to the interrogatory but provided no information.  Defendant shall provide this information.  If the creditor did not provided Defendant with any instructions regarding collection of the debt, Defendant should so state.

**Interrogatory No. 3** requests information regarding the calls Defendant's employees made to Plaintiffs in their attempts to collect the debt.  Plaintiffs request Defendant identify the caller and the person the caller spoke to in regards to Plaintiffs' account.

Defendant did not object to the interrogatory.  Defendant provided the telephone log that lists the employees by code.  Thus, Plaintiffs are unable to identify the employees involved in the collection.

The identify of the employees involved in the alleged telephone harassment of Plaintiffs is relevant.  Defendant shall provide Plaintiffs the names of the individuals involved in the collection and the name of the person each individual spoke with when they made the telephone call.

**Interrogatory No. 6** requests Defendant explain "which particular actions of National or its agents and employees are subject to the bona fide error defense Defendant raised as an affirmative defense, and for each action, describe the procedure(s) which Defendant maintains to avoid violating the FDCPA." Pls.' Br. in Supp. of Mot. to Compel at 3.  The FDCPA allows an exception to liability if the debt collector shows "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

Defendant answered it "maintains certain policies and procedures concerning the allegations in this Complaint, and [it] trains employees on these policies and procedures." *Id*. at 5.  However, this answer is not responsive to Interrogatory No. 6.  Defendant shall provide the information requested.  For each act(s) which are the subject of this lawsuit, Defendant shall state which policy or procedure it had in place to avoid violating the FDCPA.

**Request for Production No. 1** directs Defendant to produce its agreement with the creditor.  Although Defendant referred to the document in its answer, it failed to attach the requested document.  Defendant shall produce its agreement with the creditor.

**Request for Production No. 2** directs Defendant to produce its long distance telephone records for February and March, 2004.  Plaintiffs contend this information is relevant because they allege Defendant's employees called them numerous times, continued to make calls after they were asked to stop, and the calls were made very early in the morning in violation of the FDCPA.

Defendant objected on the grounds that the request was overly broad and burdensome and the information sought was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

3

The Court rejects Defendant's contention that the information sought is irrelevant. The party opposing discovery has the burden of proving the lack of relevance. *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C.1978). "Relevancy" for discovery purposes is distinguishable from "admissibility" for trial purposes. Rule 26(b)(1) allows for a broad range of discovery and states in relevant part: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Hence, the information sought in Plaintiffs' Request for Production 2 is not required to be admissible evidence itself, but it must seem reasonably calculated to lead to the discovery of admissible evidence somewhere down the road. The United States Supreme Court has construed relevance for the purposes of discovery "broadly[,] to encompass any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Even if the requested matters are relevant, discovery will not be allowed "where no need is shown, or compliance would be unduly burdensome, . . . ." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1323 (Fed.Cir. 1990); *see also Smith v. Pfizer*, No. Civ. A. 98-4156-CM, 2000 WL 1679483, *2 (D.Kan. Oct. 26, 2000). In determining the scope of discovery, the court "must weigh the factors . . . so as not to 'deprive a party of the fair opportunity to develop and prepare a case.'" *Smith,* 2000 WL 1679483, *2. In opposing discovery on the grounds of over-breadth, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required

4

to produce the requested documents." *Super Film of Am., Inc. v. UCB Films, Inc*., 219 F.R.D. 649, 651 (D.Kan. 2004).  Thus, an objecting party cannot sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing.  *See, St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.,* 198 F.R.D. 508, 513 (N.D. Iowa 2000).

The Court finds that Defendant failed to meet its burden to show that responding to Plaintiffs' Request for Production No. 2 would be unduly burdensome.  Defendant shall provide this information to Plaintiffs.

Finally, Plaintiffs contend Defendant has failed to provide any verification to its responses to Plaintiffs' interrogatories as required by Rule 33(b) of the Federal Rules of Civil Procedure.  Defendant shall provide its Verification page for its Answers to Interrogatories.  Defendant has ten days from entry of this Memorandum Opinion and Order to comply

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Defendant to Respond to Discovery is GRANTED.  Defendant has ten days from the date of entry of this Memorandum Opinion and Order to provide the information and/or documents requested in Plaintiffs' interrogatories and requests for production which are the subject of Plaintiffs' Motion to Compel.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**